Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Local Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ASHER BRONSTIN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY D/B/A SOCAL EDISON<br><br>Defendant. | Case №. |

## CLASS ACTION COMPLAINT

## Preliminary Statement

1.    As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for

robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     Plaintiff Asher Bronstin ("Plaintiff") brings this action under the TCPA alleging that Southern California Edison Company d/b/a SoCal Edison called the Plaintiff with calls using pre-recorded voices. Those calls were made without the call recipient's prior express written consent.

3.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal calls.

4.     A class action is the best means of obtaining redress for the Defendant's illegal calling conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.    Plaintiff is an individual.

6.    Defendant Southern California Edison Company d/b/a SoCal Edison is a company located in this District.

## Jurisdiction & Venue

7.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.    This Court has general personal jurisdiction over Defendant SoCal Edison because it is a company located in this District.

9.    Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant SoCal Edison, resides in this District.

## The Telephone Consumer Protection Act

10.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.    The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to

COMPLAINT
*Bronstin v. Southern California Edison Company*

any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded calls ("robocalls") to wireless numbers and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

### **Factual Allegations**

15.    Defendant SoCal Edison sends pre-recorded message calls to cell phones.

16.    Plaintiff's telephone number, (760) XXX-XXXX, is a non-commercial telephone number.

17.    The telephone number is assigned to a cellular telephone service.

18.    Plaintiff has not provided his phone number to Defendant, nor consented to contact from Defendant.

19.    Despite that, the Plaintiff received multiple pre-recorded calls from Defendant SoCal Edison, on April 16, 2025 until July 18, 2025.

20.    The calls were apparently intended for someone else other than Plaintiff.

21.    On April 16, 2025, Plaintiff received a call from telephone number (800) 551-4499, which delivered a prerecorded message stating:  "··· Calling with an urgent account update. It's important that we speak with you as soon as possible. Please have D-M-I-N-I-C Taylor call us at

1-800-551-4499. Again, that number is 1-800-551-4499. Thank you from Southern California Edison."

22.     This call was clearly and obviously voiced by a robotic, artificial voice because of its unusual and unnatural tenor, tone, spacing, and cadence, as well as the peculiar practice of spelling out words it is apparently unable to pronounce.

23.     On May 22, 2025, Plaintiff received yet another call from Defendant.

24.     This call played an identical message to the April 16 call.

25.     On July 18, 2025, Plaintiff received yet another call that left a prerecorded voicemail stating:  "This is Southern California Edison calling with an urgent account update. If this is Dominick Taylor, press 1. If not, press 2. Para Español, marque 9."

26.     This voice was slightly different than the other two calls but was also very clearly an artificial voice based on the call's tone, tenor, and cadence.

27.     Plaintiff never provided prior express written consent for these prerecorded calls and had no reason to be contacted by Defendant in this manner.

28.     The Plaintiff possesses recordings of the calls which very clearly demonstrate that they were pre-recorded calls with the personalized portions played be a computer voice.

COMPLAINT
*Bronstin v. Southern California Edison Company*

29. To be clear, the Plaintiff pleads that, by Defendant SoCal Edison's *own admissions* on the call that "this is SoCal Edison," that the Defendant SoCal Edison placed the calls at issue. SoCal Edison is therefore directly liable as it is obvious, through its admissions, that *it placed the calls*.

30. SoCal Edison knew that it was sending out prerecorded calls because the artificial voice recording says, "Thank you from Southern California Edison" and "this is Southern California Edison."

31. The aforementioned calls to the Plaintiff were unwanted.

32. The calls were nonconsensual encounters.

33. Plaintiff's privacy has been violated by the above-described calls.

34. Plaintiff never provided his consent or requested the calls.

35. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

36. Moreover, the call injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

COMPLAINT
*Bronstin v. Southern California Edison Company*

## Class Action Statement

37.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

38.    Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

39.    Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** Plaintiff and persons throughout the United States (1) to whom SoCal Edison placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a SoCal Edison customer or account, (3) in connection with which SoCal Edison used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

40.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

41.    Excluded from the Class are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42.    Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance,

waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

43. This Class Action Complaint seeks injunctive relief and money damages.

44. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

45. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

46. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

47. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

48. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant SoCal Edison made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

COMPLAINT
*Bronstin v. Southern California Edison Company*

b.    Whether Defendants' conduct constitutes a violation of the TCPA; and

c.    Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

49.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

50.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

51.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or third parties, such as telephone companies.

52.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

53. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

### Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227(b)) on behalf of the Robocall Class

54. Plaintiff incorporates by reference the foregoing allegations paragraphs 1-53 as if fully set forth herein.

55. Defendant SoCal Edison violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

56. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendants' actions are found to have been knowing or willful.

58.    Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

Injunctive relief prohibiting Defendants from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

Such other relief as the Court deems just and proper.

COMPLAINT
*Bronstin v. Southern California Edison Company*

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel

*/s/ Dana J. Oliver*
Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

COMPLAINT
*Bronstin v. Southern California Edison Company*