Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Local Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY D/B/A SOCAL EDISON<br><br>Defendant. | Case №.<br>8:25-cv-02334-KES |

**RESPONSE TO ORDER TO SHOW CAUSE**

Respondent Andrew R. Perrong files this response to the Court's Order to Show Cause of November 5, 2025, directing Respondent to show cause in writing why his application for admission *pro hac vice* should not be denied under Local Rule 83-2.1.3.2(c). In response to the Order, Respondent states as follows:

1. I am currently an active member of the Bars of the Commonwealth of Pennsylvania and the State of Oregon and reside in Pennsylvania.

2. I maintain my law offices in Pennsylvania.

3. I do not reside in, advertise in, or actively solicit clients in California.

4. I am not regularly engaged in business, professional, or similar activities in California and have never engaged in business, professional, or similar activities in California.

5. For each of the cases identified by the Court in its Order, I filed *pro hac vice* applications because I believe that I am not "engaged in business, professional, or similar activities" in California and therefore eligible for *pro hac vice* admission under the Local Rules.

6. For further context, my practice consists almost exclusively of representing individuals across the country alleging violations of federal telemarketing laws in class action litigation against defendants nationwide. I am one of the few attorneys in the country that specializes in this type of litigation. The nature of this litigation necessarily has a nationwide aspect to it, as wire

communications are a modality of interstate commerce and are interconnected as among the various states by virtue of the nationwide character of the telephone system.

7. I file approximately 100 cases in federal courts per year in all jurisdictions and follow all local rules when applicable, including securing local counsel when required by courts.

8. Recently, my firm has seen an uptick in California-based defendants conducting illegal telemarketing to plaintiffs nationwide.

9. To this end, each of the cases identified by the Court shows I am not regularly engaged in business, professional, or similar conduct in California.

10. As an initial matter, I wish to correct inaccuracies in the Court's list. I am *not* counsel of record in *Strickland v. SunRun*, 4:23-cv-05034; I was merely added to the docket in that case as a result of a Court order directing briefing on a consolidation motion, which was denied. However, the Court has not identified two recently filed applications *pro hac vice*, which were both granted, *Duffy v. HTH Communications, LLC* - 2:25-cv-09852-MWF-RAO, and *Arnold v. Fashion Nova, LLC*, 2:25-cv-09849-WLH-E. I have not appeared in any California state court.

11. Of all the cases the Court identified in which I have filed a *pro hac vice* motion, only four, *Duffy*, 2:25-cv-09852, *Abitbol v. Current Energy*, 2:24-cv-

3

08132-FLA-BFM, *Fabricant v. Sunset West Legal Group*, 2:24-cv-04264-FLA-MAA, and *Banks v. Sunrun*, 3:24-cv-07877, involved the representation of California resident Plaintiffs. The remainder were filed by plaintiffs from Pennsylvania, New Jersey, Washington, and Texas.

12. It should be noted that in *Shelton v. Freedom Forever LLC*, No. 2:25-cv-01970-ODW-KS, the case was initiated in Pennsylvania by a Pennsylvania Plaintiff against a California Defendant and subsequently transferred into California.

13. It should also be noted that the defendants in *Fabricant, Abitbol,* and *Banks* were also California-based defendants, and therefore there is no other court where the defendants in those cases would be subject to personal jurisdiction.

14. I do not believe I am "regularly engaged in" business, professional, or similar activities in California that would disqualify me from *pro hac vice* admission. Like in *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2015 WL 1474866, at *3 (N.D. Cal. Jan. 14, 2015), apart from attending a handful of procedural and scheduling conferences, I have not appeared or argued in front of the district court on a motion-related matter apart from one occasion, virtually from my offices in Pennsylvania. I have submitted and signed, together with my local counsel, only a handful of briefs, which I researched and prepared from Pennsylvania. I have never met my California clients in person, instead meeting

with them only virtually. *See Walter E. Heller W., Inc. v. Superior Ct.*, 111 Cal. App. 3d 706, 710 (Ct. App. 1980).

15. I do not reside in California nor do I maintain an in-state office. I conduct no legal work from California. In fact, I have only been to California four times in my life.

16. Moreover, as the Northern District noted in *Wang v. Future Motion, Inc.*, the number of times an attorney is listed as counsel is not a factor in the analysis, but may be a pertinent fact to the analysis to show that an attorney is not a "one-time or occasional practitioner" in California. 646 F. Supp. 3d 1147, 1152 (N.D. Cal. 2022). In *Wang*, the Northern District denied admission when the attorney appeared in over 480 California cases as probative of his regular engagement of the practice of law in California. *Id.* Given my high volume of filings across the country (100 cases a year), coupled with the highly specialized and boutique area of practice, my practice in California is merely occasional, minimal, and accounts for what I estimate to be less than 5% of my filings, and shows I am an occasional practitioner in California, particularly in context.

17. I respectfully further submit that the nature of my practice, and the lack of Plaintiff's attorneys with the willingness and specialization to take on this sort of litigation, further constitutes special circumstances that the Court should consider.

18. For the foregoing reasons, the number of *pro hac vice* admissions filed in California reflects not the conduct of "business, professional, or similar activities" in California but rather reflects a rather high number of telemarketing calls originating out of California this year, together with the specialized and nationwide nature of my practice.

19. I pray that the Court discharge its order to show cause and grant admission *pro hac vice* based on the foregoing explanation.

20. I stand ready to provide any other information the Court may require in order to assist its investigation and demonstrate that I am not engaging in business, professional, or similar activities in California and remain eligible for *pro hac vice* admission.

Date: November 9, 2025

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

Submitted by :

/s/ Dana J. Oliver
Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Local Counsel for Plaintiff*