Alex Terepka (SBN 288243)
alex@wtlaw.com
**WATSTEIN TEREPKA LLP**
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 839-3317

*Attorney for Defendant Southern California Edison Company*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY D/B/A SOCAL EDISON,<br><br>Defendant. | CASE NO.: 8:25-CV-02334-KES<br><br>**DEFENDANT SOUTHERN CALIFORNIA EDISON COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Honorable Fred W. Slaughter |

Defendant Southern California Edison Company ("Defendant") hereby submits its Answer and Affirmative Defenses to Plaintiff Asher Bronstin's ("Plaintiff") Class Action Complaint.

## **Preliminary Statement**

1. This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies any allegations inconsistent therewith.

2. Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies all remaining allegations in this paragraph and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Defendant.

3. Defendant admits that Plaintiff purports to bring a putative class action. Defendant denies all remaining allegations in this paragraph and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Defendant.

4. Denied.

**Parties**

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

6. Defendant admits that its headquarters are located in Rosemead, California and that it does business as Southern California Edison. Defendant denies all remaining allegations in this paragraph.

**Jurisdiction and Venue**

7. Defendant admits that Plaintiff's alleged claim arises under federal law but denies that the claim has any merit whatsoever. Defendant denies that this Court has jurisdiction under Article III.

8. Defendant does not contest personal jurisdiction at this time.

9. Denied.

**The Telephone Consumer Protection Act**

10. This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies any allegations inconsistent therewith.

11. This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the cited authority speaks for itself and denies any allegations inconsistent therewith.

12. This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the cited authority speaks for itself and denies any allegations inconsistent therewith.

13. This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the cited authority speaks for itself and denies any allegations inconsistent therewith.

14. This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies any allegations inconsistent therewith.

**Factual Allegations**

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

27. Denied.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

29. Denied.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

32. Denied.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

35. Denied.

36. Denied.

## Class Action Statement

37. Defendant hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

38. Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action,

1  and that the proposed class meets the requirements of Federal Rule of Civil
2  Procedure 23.
3      39.  Defendant admits only that Plaintiff purports to bring this action on
4  behalf of a putative class. Defendant denies the remaining allegations in this
5  paragraph and expressly denies that any action or putative class is authorized by
6  Federal Rule of Civil Procedure 23, that this action is certifiable as a class action,
7  and that the proposed class meets the requirements of Federal Rule of Civil
8  Procedure 23.
9      40.  Denied.
10     41.  Defendant admits only that Plaintiff purports to bring this action on
11 behalf of a putative class. Defendant denies the remaining allegations in this
12 paragraph and expressly denies that any action or putative class is authorized by
13 Federal Rule of Civil Procedure 23, that this action is certifiable as a class action,
14 and that the proposed class meets the requirements of Federal Rule of Civil
15 Procedure 23.
16     42.  Denied.
17     43.  Defendant admits only that Plaintiff seeks money relief and damages.
18 Defendant denies the remaining allegations in this paragraph, and denies that
19 Plaintiff or the putative class members are entitled to any relief whatsoever against
20 Defendant.
21     44.  Denied.
22     45.  Denied.
23     46.  Denied.
24     47.  Denied.
25     48.  Denied in its entirety, including subparagraphs (a through (c.
26     49.  Denied.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

51. Denied.

52. Denied and expressly denies that any individual actions would have merit.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

## FIRST CAUSE OF ACTION

**Statutory Violations of the Telephone Consumer Protection Act**

**(47 U.S.C. § 227(b)) on behalf of Robocall Class**

54. Defendant hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## PRAYER FOR RELIEF

Defendant denies the allegations in its unnumbered prayer for relief and denies that Plaintiff or the putative class is entitled to any relief whatsoever.

## JURY DEMAND

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant. To the extent a jury trial is permitted, Defendant requests a trial by the maximum number of jurors allowed by law.

## GENERAL DENIAL

Defendant denies all allegations set forth in the Complaint that are not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to state a cause of action)**

The Complaint fails to allege acts sufficient to state a cause of action against Defendant. For example, Plaintiff failed to show that any calls he allegedly received were those for "which the called party is charged" as required by the TCPA.

## SECOND AFFIRMATIVE DEFENSE

**(Unclean hands)**

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrine of unclean hands. For example, Plaintiff cannot assert claims under the TCPA if he acted in bad faith by, for example, providing the subject number referenced in the Complaint or failing to inform Defendant that he had been reassigned the subject phone number.

## THIRD AFFIRMATIVE DEFENSE

**(Emergency Purposes Exception)**

The calls at issue are exempted from the TCPA's prohibition on calls using a prerecorded voice because they were made for emergency purposes.

## FOURTH AFFIRMATIVE DEFENSE

### (Good faith)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to call the numbers at issue.

## FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence, Ratification, Estoppel, Waiver)

Plaintiff is barred from asserting his claims, in whole or in part, to the extent the equitable doctrines of acquiescence and ratification, estoppel, and/or waiver apply.

## SIXTH AFFIRMATIVE DEFENSE

### (No mitigation)

To the extent that the Complaint alleges that Plaintiff suffered any purported injury or damages, Plaintiff failed to take any and all reasonable or necessary actions to avoid or reduce his damages, and any damages awarded to him must be reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Willful or Negligent Misconduct; No Treble or Increased Damages)

Any claim for treble or increased damages is barred because Defendant did not engage in knowing or willful misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused the damages, injuries, or violation at issue, to the extent they occurred.

## NINTH AFFIRMATIVE DEFENSE

### (No Standing)

Any and all claims brought in the Complaint are barred because Plaintiff lacks standing. For example, Plaintiff has not suffered any actual constitutional injury resulting from Defendant's alleged conduct and therefore does not have standing pursuant to *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2015) and *Trans Union LLC v. Ramirez*, 594 U.S. 413 (2021).

## TENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, to the extent Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint, it cannot be held liable for it. For example, to the extent contractors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements and Defendant did not approve of that conduct. As such, Defendant cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## TWELFTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution, including by imposing content-based restrictions on speech that fail to withstand strict scrutiny.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties for each call, or monetary compensation for actual damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Arbitration or Alternative Forum)

Plaintiff and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement or another agreement to resolve disputes in an alternative forum, such as the California Public Utilities Commission, and to resolve disputes on an

individual (non-class) basis, depriving the Court of jurisdiction over Plaintiff's claims, and rendering venue in this Court improper.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant gives notice that in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

DATED: January 14, 2026

By: */s/ Alex Terepka*
Alex Terepka (SBN 288243)
alex@wtlaw.com
**WATSTEIN TEREPKA LLP**
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 839-3317

*Attorney for Defendant Southern California Edison Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

*/s/ Alex Terepka*
Alex Terepka