Alex Terepka (SBN 288243)
alex@wtlaw.com
Nathaniel Haas (SBN 324305)
nhaas@wtlaw.com
**WATSTEIN TEREPKA LLP**
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 526-1880

E. Keith Emanuel (admitted *pro hac vice*)
kemanuel@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th St NE Ste. 2600
Atlanta, Georgia 30309
Telephone: (404) 418-8307

*Attorneys for Defendant Southern California Edison Company*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY D/B/A SOCAL EDISON,<br><br>Defendant. | CASE NO.: 8:25-CV-02334-FWS-ADS<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

1

**PLEASE TAKE NOTICE** that the Defendant gives notice pursuant to Fed. R. Civ. P. 45 that Defendant intends to serve the attached subpoena on the following non-party: T-Mobile USA.

Dated: May 29, 2026

_E. Keith Emanuel_
Alex Terepka (SBN 288243)
alex@wtlaw.com
Nathaniel Haas (SBN 324305)
nhaas@wtlaw.com
**WATSTEIN TEREPKA LLP**
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 526-1880

E. Keith Emanuel (admitted _pro hac vice_)
kemanuel@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th St NE Ste. 2600
Atlanta, Georgia 30309
Telephone: (404) 418-8307

_Attorneys for Defendant Southern California Edison Company_

2

NOTICE OF INTENT TO SERVE SUBPOENA

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

*E. Keith Emanuel*
E. Keith Emanuel
WATSTEIN TEREPKA LLP
Attorney for Defendant

NOTICE OF INTENT TO SERVE SUBPOENA

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| ASHER BRONSTIN, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  8:25-CV-02334-FWS-ADS |
| SOUTHERN CALIFORNIA EDISON COMPANY D/B/A SOCAL EDISON, | ) ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          T-Mobile USA, Inc., Attn:  Legal and Emergency Response Team
4 Sylvan Way, Parsippany, NJ 07054, Email:  LERInbound@T-Mobile.com
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto.

| Place: Directly to the undersigned counsel electronically. | Date and Time:<br><br>06/29/2026 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       05/29/2026

        *CLERK OF COURT*

                                        OR

|                                          |                          /s/ Keith Emanuel |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*       Defendant
Southern California Edison Company d/b/a Socal Edison                           , who issues or requests this subpoena, are:

Keith Emanuel, Watstein Terepka LLP,75 14th St NE, Ste 2600,Atlanta,GA 30309, 404-905-2416/kemanuel@wtlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  8:25-CV-02334-FWS-ADS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.      The terms "You" and "Your" mean T-Mobile USA Inc. ("T-Mobile"), and any persons or entities acting on its behalf with respect to the subject matter of a specific request.

2.      The terms "Person" or "Persons" shall mean or refer to any natural person or legal entity, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and governmental bodies.

3.      The terms "Document" and "Documents" shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies and drafts, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, interoffice communications, electronic mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records,

cost sheets, summaries, lists, tabulations, digests, canceled or un-cancelled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents. The terms "document" and "documents" also mean any and all computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files.

4.      "Relate to" means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent.

5.      The term "Refer to" or "Referring to" means in any way referring to, relating to, reporting on, with respect to, showing or indicating knowledge of, pertaining to, having to do with, having any relationship or connection to, containing, mentioning, describing, disclosing, summarizing, rephrasing, memorializing, describing, analyzing, showing, or in any manner bearing on the stated matter, fact, or thing.

6.      The terms "Concern" or "Concerning" mean Relating to, Referring to, describing, evidencing or constituting.

7.      The term "Evidence" or "Evidencing" means in any way supporting, demonstrating, embodying, representing, exemplifying, signifying, constituting, consisting of, comprising, being the equivalent or equal to, or establishing any reasonable, logical or causal connection to the stated matter, fact, or thing.

**INSTRUCTIONS**

1.      These instructions are subject to the definitions set forth in the preceding "Definitions" section of this Exhibit A.

2.      If any Documents or things, the production of which is requested herein, are withheld under a claim of privilege, please provide the following information with respect to each such Document or thing:

     a.      the type of Document or thing, its general subject matter, and the place and approximate date it was prepared or created;

     b.      the name and title of each person who prepared or created the Document or thing, and the name and title of each other Person who has received or examined the Document or thing or a copy thereof;

     c.      the type of privilege claimed;

     d.      a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or only to part of the Document or thing; and

     e.      the numbers of each specification or Request to which the Document or thing otherwise would be responsive.

3.      If any of the Documents requested by a Request are not within your possession, please describe in detail the efforts you made to locate or obtain the Documents, together with its likely source. If any portion of any Request refers to information or Documents that you are aware of but are not within your possession, identify each Person in possession of the information and each Document in a manner sufficient to describe such Documents for the purpose of preparing

and serving a proper subpoena duces tecum, and identify the name, telephone number, and address of the Person last known by You to have been in possession, custody, or control of such documents.

4. If it is maintained that any Document that is requested has been destroyed, set forth the contents of the Document, the date of such destruction, and the name of the Person who authorized or directed such destruction.

5. These Requests are intended to be continuing in nature and any responsive documents which may be discovered subsequent to the initial production should be produced within a reasonable time following such discovery.

6. Any pronoun should be construed as singular or plural and is included in the masculine, feminine, or neuter to the extent necessary or appropriate to render the Interrogatory as broad and inclusive as reasonably possible.

7. The use of the present tense includes the past tense, and the use of the past tense includes the present tense, to be inclusive of any information that may otherwise be excluded.

8. The connectives "or" and "and" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

## **REQUESTS**

1. All documents concerning the account(s) associated with phone number 760-484-7071, from January 1, 2024, to present, showing billing statements and account registration documents identifying the account holder for phone number 760-484-7071, all subscribers and users on the account, the address for the account, and/or billing information used to make payments

on the account.

2.      Documents sufficient to identify the devices used with the phone number 760-484-7071, including the device make, model, and serial number, and the dates on which each device was first and last used with the number.

3.      Logs cataloguing all inbound and outbound calls placed from and received by the 760-484-7071 phone number (including but not limited to the details of each call, such as the date and time, duration, associated inbound or outbound numbers) from January 1, 2024, to present.

4.      Logs cataloguing all voicemail messages received on phone number 760-484-7071 (including but not limited to the details of each voicemail, such as the date, time, duration, and associated inbound number).

5.      Logs cataloguing all text messages sent from and received by the 760-484-7071 telephone number (including but not limited to the details of each call, such as the date and time) from January 1, 2024, to present.

6.      All documents concerning the account(s) associated with phone number 760-705-8792, from January 1, 2024, to present, showing billing statements and account registration documents identifying the account holder for phone number 760-705-8792, all subscribers and users on the account, the address for the account, and/or billing information used to make payments on the account.

7.      Documents sufficient to identify the devices used with the phone number 760-705-8792, including the device make, model, and serial number, and the dates on which each device was first and last used with the number.

8.      Logs cataloguing all inbound and outbound calls placed from and received by the 760-705-8792 phone number (including but not limited to the details of each call, such as the date

and time, duration, associated inbound or outbound numbers) from January 1, 2024, to present.

9.      Logs cataloguing all voicemail messages received on phone number 760-705-8792 (including but not limited to the details of each voicemail, such as the date, time, duration, and associated inbound number).

10.      Logs cataloguing all text messages sent from and received by the 760-705-8792 telephone number (including but not limited to the details of each call, such as the date and time) from January 1, 2024, to present.